IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Crim. No. 07-459-1 (RBK) |
| v. | : | |
| | : | **OPINION** |
| MOHAMAD IBRAHIM SHNEWER, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant Mohamad Ibraham Shnewer's Motion for Reduction of Sentence under the First Step Act (ECF No. 529 ("Mot.")). Mr. Shnewer also filed motions for appointment of pro bono counsel (ECF No. 530) and for an abeyance (ECF Nos. 537, 539). For the reasons set forth below, Mr. Shnewer's motions are **DENIED**.

I.   BACKGROUND

   A.   Factual Background

Mr. Shnewer is an inmate in federal custody at the United States Penitentiary at Terre Haute, Indiana ("USP Terre Haute"). (ECF No. 529 at 1). Following a nearly three-month trial in the fall of 2008, a jury found Mr. Shnewer guilty of conspiracy to murder members of the United States military in violation of 18 U.S.C. § 1117 and attempted possession of firearms in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). (ECF No. 371). On April 29, 2009, this Court sentenced Mr. Shnewer to life imprisonment on the murder conspiracy count and a thirty-year consecutive sentence on the 924(c) count. (ECF No. 425). On the same date, Mr. Shnewer filed an appeal of his convictions. The Third Circuit affirmed this Court's judgment as to

1

the murder conspiracy count but vacated our judgment as to Mr. Shnewer's conviction under 924(c). *U.S. v. Duka*, 671 F.3d 329, 356 (3d Cir. 2011). In accordance with the Third Circuit's mandate, we amended the judgment against Mr. Shnewer to reflect only a conviction and sentence of life imprisonment on the murder conspiracy charge. (ECF No. 467).

On November 8, 2021, Mr. Shnewer filed an emergency motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 529). Mr. Shnewer also filed a motion for appointment of pro bono counsel. (ECF No. 530). The United States opposed both Mr. Shnewer's motions on February 9, 2023. (ECF No. 532 ("Govt. Opp'n")). Mr. Shnewer did not respond to the Government's opposition but filed two motions for an abeyance pending the effective date of the United States Sentencing Commission's 2023 amended Sentencing Guidelines. (ECF Nos. 537, 539).

## II.   LEGAL STANDARD

### A. Motion for Reduction of Sentence Under the First Step Act

Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The changes implemented by the First Step Act's amendment allow prisoners to directly petition the court, as opposed to the Bureau of Prisons ("BOP"), for a

reduction in sentence under 18 U.S.C. § 3852(c)(1)(A)(i) provided, however, they satisfy the exhaustion requirements first. *United States v. Rodriguez*, 451 F. Supp. 3d 392, 396 (E.D. Pa. 2020).

As such, the first step for a defendant in a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is to exhaust any available administrative remedies. Before bringing a motion for reduced sentence on their own behalf, a defendant "must ask the Bureau of Prisons (BOP) to do so on their behalf, give BOP thirty days to respond, and exhaust any available administrative appeals." *United States v. Raia*, 954 F.3d 594, 595–96 (3d Cir. 2020). Thirty days after submitting the request or after receipt of an adverse decision, whichever is earlier, the defendant may move for compassionate release in the district court. *Id.* At the second step, a defendant must show that "(1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Rivera*, Crim. No. 06-849, 2022 WL 1284717, at *1 (D.N.J. Apr. 29, 2022) (*quoting United States v. Pabon*, 458 F. Supp. 3d 296, 300 (E.D. Pa. 2020)).

"Extraordinary and compelling reasons" are not defined by statute. Rather, Congress tasked the United States Sentencing Commission with providing a definition. Congress's only instruction to the Commission was that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). The Commission provided such a definition in U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). There, the Commission explained that extraordinary and compelling reasons exist where there is:

> (A) terminal illness diagnoses or serious medical, physical or mental impairments from which a defendant is unlikely to recover, and which "substantially diminish" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of

3

> his sentence; or (C) two family related circumstances: (i) death/incapacitation of the only caregiver for the inmate's children or (ii) incapacitation of an inmate's spouse, if the inmate is the spouse's only caregiver.

U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). In subsection (D) of the Application Note to U.S.S.G. § 1B1.13, there is a catchall provision that gives the Director of the BOP the authority to determine if "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with" the other three categories.

The Third Circuit recently held that courts are not bound by Section 1B1.13's definition of "extraordinary and compelling reasons" when considering prisoner-initiated motions. *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022). Nonetheless, Section 1B1.13 "still sheds light on the meaning of extraordinary and compelling reasons" and can provide a useful guide for courts considering compassionate release motions. *Id.* at 260 ("[T]he District Court did not err when it consulted the text, dictionary definitions, and the policy statement to form a working definition of 'extraordinary and compelling reasons.'").

### III. DISCUSSION

Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule, not a jurisdictional prerequisite. *See United States v. Banks*, Crim. No. 21-2674, 2022 WL 832049, at *2 (3d Cir. 2022) ("Section 3582(c)(1)(A)'s exhaustion requirement is generally considered a 'mandatory claim-processing rule.'" (citation omitted)); *United States v. Texeira-Nieves*, 23 F.4th 48, 53 (1st Cir. 2022) (holding that § 3582(c)(1)(A)'s "exhaustion requirement is not a jurisdictional limitation: as several circuits previously have held, it is a non-jurisdictional claim-processing rule." (citing *United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021)). "[M]andatory claim-processing rules bind the courts only when properly asserted and not forfeited." *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) (citing *Eberhart v. United States*, 546 U.S. 12,

4

19 (2005)); *United States v. Fields*, 569 F. Supp. 3d 231, 236 (E.D. Pa. 2021) ("As the government has not asserted failure to exhaust as an affirmative defense, it is forfeited."); *see also United States v. Armstrong*, Crim. No. 14-633, 2022 WL 1261530, at *2 (D.N.J. Apr. 27, 2022) ("Based on Defendant's representation and the lack of dispute by the Government, the Court will accept that Defendant has exhausted his administrative remedies for the purposes of analyzing this motion."). Since the Government does not contest exhaustion, the Court turns its focus to the second step of the analysis. *See United States v. Armstrong*, Crim. No. 14-633, 2022 WL 1261530, at *2 (D.N.J. Apr. 27, 2022) ("Based on Defendant's representation and the lack of dispute by the Government, the Court will accept that Defendant has exhausted his administrative remedies for the purposes of analyzing this motion.").

### A. Extraordinary and Compelling Reasons

Mr. Shnewer asserts that the risks he faces due to COVID-19, particularly in light of his individual medical conditions and circumstances, are so extraordinary and compelling as to justify compassionate release. Mr. Shnewer also argues that the severe conditions caused by lockdowns and restrictions due to COVID-19 and the evidence of Mr. Shnewer's "total rehabilitation" further support a finding of extraordinary and compelling circumstances warranting compassionate release. (Mot. at 13–14). The Court finds that Mr. Shnewer has not shown that extraordinary and compelling reasons warrant a reduction in his sentence.

The mere "existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner[.]" *United States v. Roeder*, 807 Fed. App'x 157, 161 n.16 (3d Cir. 2020). Most defendants who successfully move for compassionate release through § 3582(c)(1)(A) on COVID-19 grounds demonstrate that: (1) they are particularly vulnerable to developing severe illness from

COVID-19 due to age or a medical condition(s); and (2) there is "an actual, non-speculative risk of exposure to COVID-19 in the facility where [they are] held." *United States v. Somerville*, 463 F. Supp. 3d 585, 597–98 (W.D. Pa. 2020).

As an initial matter, Mr. Shnewer has not demonstrated that he faces an actual, non-speculative risk of exposure to COVID-19 at USP Terre Haute. There are currently no active cases of COVID-19 among inmates and staff at USP Terre Haute. *BOP COVID-19 Statistics*, Fed. Bureau of Prisons, https://www3.fed.bop.gov/coronavirus/covid19_statistics.html (last visited July 24, 2023). Additionally, 2,489 inmates and 425 staff at USP Terre Haute have been fully vaccinated against COVID-19 to date. *Id.* The vaccination of inmates and staff greatly reduces the risk of COVID-19 exposure and infection within the facility. *See United States v. Martinez*, Crim. No. 16-503, 2022 WL 1320618, at *4 (D.N.J. May 2, 2022) ("The likelihood of a COVID-19 infection has also been greatly reduced by vaccination of [the defendant] and others at the prison."). USP Terre Haute is currently at operational Level 1, meaning the facility's vaccination rate is greater than or equal to 65% and the community transmission rate is less than 100 per 100,000. *COVID-19 Modified Operations Plan & Matrix*, Fed. Bureau of Prisons, https://www3.fed.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited July 24, 2023). Mr. Shnewer's argument that the pandemic presents an ongoing risk to him due to his incarceration applies equally to all incarcerated people and does not constitute an extraordinary and compelling reason for compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . .").

Nor has Mr. Shnewer established that he faces uniquely high risks from COVID-19 that are so extraordinary and compelling as to justify release. As Mr. Shnewer is fully vaccinated

6

against COVID-19 (Govt. Opp'n, Ex. C at 058), he is substantially protected from COVID-19 infection and, in the case of another breakthrough infection, from severe symptoms. *See United States v. Williams*, Crim. No. 11-00421-1, 2022 WL 950994, at *2 (D.N.J. Mar. 29, 2022) ("If a defendant is vaccinated, many courts have found that there is an insignificant likelihood that the defendant 'will contract COVID-19 and become seriously ill.'"). The Third Circuit has recognized in an unpublished decision that "[g]iven vaccine availability, a prisoner likely will not be able to prove that his personal risk of serious illness from COVID-19 is an extraordinary and compelling reason for release unless he can convincingly show that he is 'unable to receive or benefit from a vaccine' or that he 'remain[s] vulnerable to severe infection, notwithstanding the vaccine.'" *United States v. Estevez-Ulloa*, Crim. No. 21-2432, 2022 WL 1165771, at *2 (3d Cir. Apr. 20, 2022) (citing *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022)). Mr. Shnewer has not made this showing here. For the sake of completeness, however, the Court will discuss each of Mr. Shnewer's asserted medical conditions in turn.

First, Mr. Shnewer contends that his obesity and status as a former smoker elevates the risks presented by COVID-19 to meet the extraordinary and compelling reasons prong. However, as the Government points out, Mr. Shnewer does not state when and for how long he was a "former smoker" and the substance of Mr. Shnewer's motion focuses on obesity as a COVID risk factor. (See Govt. Opp'n at 4 n.4). Absent evidence of Mr. Shnewer's smoking history, we will consider only the arguments as to obesity. Courts have consistently found that the fact that an inmate may be at heightened risk from COVID-19 due to obesity is insufficient, without more, to constitute an "extraordinary and compelling" reason warranting compassionate release. *See, e.g.*, *United States v. Garrett*, Crim. No. 18-125, 2022 WL 1617679, at *2 (D.N.J. May 23, 2022) *aff'd*, No. 22-2129, 2022 WL 3226615 (3d Cir. Aug. 10, 2022) ("As to weight and hypertension, courts have generally

7

found that those do not constitute extraordinary and compelling circumstances requiring compassionate release, even when the individual suffers from additional medical conditions.") (collecting cases); *United States v. Womble*, Crim. No. 13-507, 2022 WL 1500957, at *1 (D.N.J. May 11, 2022) (concluding that an inmate's obesity, hypertension, and type-two diabetes were not "extraordinary and compelling reasons" for compassionate release); *United States v. Johnson*, Crim. No. 18-578-01, 2022 WL 901468, at *4 (D.N.J. Mar. 28, 2022) (collecting cases).

Mr. Shnewer cites *United States v. Mitchell* in support of his argument that the risk to an inmate's health from COVID-19 in combination with obesity alone is sufficient to demonstrate extraordinary and compelling reasons for compassionate release. *See* 472 F.Supp.3d 403, 406–08 (E.D. Mich. 2020). However, that court's decision was based in part on a rejection of the Third Circuit's holding that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release," a holding which we are bound to follow. *See id.* at 407 (citing *Raia*, 954 F.3d at 597).

Second, Mr. Shnewer's remaining medical conditions – risk of vision loss from central serous retinopathy and epiretinal membrane, a torn meniscus, hammer toes, and arthritis – also do not constitute "extraordinary and compelling" reasons for early release. These conditions do not appear on the CDC's list of medical conditions that increase a person's risk of severe illness or death from COVID-19. *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 11, 2023). Moreover, Mr. Shnewer does not argue that the BOP has failed to provide treatment for these conditions. On the contrary, his motion states that he is currently scheduled for a surgery to treat his torn meniscus, his eye conditions are monitored by an ophthalmologist, and he wears specially-ordered shoes for his foot deformity.

(Mot. at 10). We agree with the Government that Mr. Shnewer has received adequate medical care at USP Terre Haute. (See Govt. Opp'n at 18).

Mr. Shnewer puts forth two other arguments for compassionate release. First, Mr. Shnewer's rehabilitative efforts while incarcerated (Mot. at 14–15), while commendable, do not constitute an extraordinary and compelling reason for release. *See United States v. Garrett*, Crim. No. 18-125, 2022 WL 1617679, at *2 (D.N.J. May 23, 2022) *aff'd*, No. 22-2129, 2022 WL 3226615 (3d Cir. Aug. 10, 2022) ("[A] defendant's rehabilitation 'is not, by itself, an extraordinary and compelling reason.'" (citing U.S.S.G. 1B1.13, Application Note 3)). Second, "the fact that [] Defendant has experienced strict lockdowns because of COVID-19 is not a reason that justifies compassionate release." *United States v. Ali*, Crim. No. 11-00752, 2022 WL 3357915, at *4 (D.N.J. Aug. 15, 2022).

Therefore, although the Court does not wish to minimize Mr. Shnewer's concern for his well-being or the seriousness of the COVID-19 pandemic for those in custody, we find that Mr. Shnewer has failed to demonstrate that his circumstances warrant compassionate release.

### B. Section 3553(a) Factors

An analysis of the Section 3553(a) factors further supports the denial of Mr. Shnewer's request for release. In considering whether to reduce a defendant's sentence, a court must look to the factors contained in 18 U.S.C. § 3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

Mr. Shnewer offers no argument as to how the factors weigh in his favor. By contrast, the Government argues that the factors weigh against release because Mr. Shnewer has served only sixteen years of a life sentence, committed a serious crime, and has not renounced his ideological motivation for the offense. (Govt. Opp'n at 20–22).

Although the Court commends Mr. Shnewer for the positive steps that he has taken during his incarceration, the Court agrees with the United States that the § 3553(a) factors counsel against release. The nature and circumstances of Mr. Shnewer's crime—namely, participation in a conspiracy to murder members of the United States military —weigh against early release. Given the nature of this crime, the Court is mindful of the need for the sentence imposed to protect the public. Moreover, the Court believes that the present sentence is needed to provide just punishment for Mr. Shnewer, and he has only served sixteen years of his life sentence at this point. (*See* Govt. Opp'n at 20–21). Accordingly, the Court finds that the § 3553(a) factors weigh against release.

**C.  Motions for Abeyance**

Mr. Shnewer moved for an abeyance until the United States Sentencing Commission's 2023 Amendments to the Sentencing Guidelines come into effect, which would take place in November 2023. We deny these motions because the Amendments would not affect the outcome of this decision.

The Amendments include two new subcategories under the "Medical Circumstances of the Defendant" prong of extraordinary and compelling reasons. *Amendments to the Sentencing Guidelines*, U.S. Sentencing Comm'n (Apr. 27, 2023), at 8. The first subcategory applies "when a defendant is 'suffering from a medical condition that requires long-term or specialized medical care that is not being provided" and who, without that care, "is at risk of serious deterioration in

health or death.'" *Id.* This subcategory does not apply to Mr. Shnewer. The second subcategory applies "when a defendant, due to personal health risk factors and custodial status, is at increased risk of suffering severe medical complications or death as a result of exposure to an ongoing outbreak of infectious disease or public health emergency." *Id.* This second subcategory was adopted to incorporate factors courts considered during the COVID-19 pandemic. *Id.* Our analysis above already took into consideration whether Mr. Shnewer is at "increased risk of suffering severe medical complications or death as a result of exposure" to COVID-19. Because our analysis would not change under the new Amendments, there is no reason to grant Mr. Shnewer an abeyance.

### D. Motion for Appointment of Pro Bono Counsel

There is no right to counsel for a criminal defendant seeking compassionate release under 18 U.S.C. § 3582(c). *United States v. Millhouse*, No. 20-3633, 2021 WL 3280789, at *3 n.4 (3d Cir. 2021); *United States v. Dorsey*, 520 F. Supp. 3d 681, 683–84 (E.D. Pa. 2021). "In determining whether to appoint counsel in compassionate release cases, a court must first determine whether the defendant's claim has some merit in fact and law." *United States v. Duncan*, Crim. No. 21-187, 2022 WL 1213466, at *2 n.2 (D.N.J. Apr. 22, 2022) (quoting *United States v. Gonzalez*, Crim. No. 02-446-01, 2021 WL 1088258, at *4 (E.D. Pa. Mar. 22, 2021)) (cleaned up). If meritorious, a district court has discretion to appoint counsel after considering:

> 1. [The movant's] ability to present his or her own case; 2. the difficulty of the particular legal issues; 3. the degree to which factual investigation will be necessary and the ability of the [movant] to pursue investigation; 4. the [movant's] capacity to retain counsel on his or her own behalf; 5. the extent to which a case is likely to turn on credibility determinations, and; 6. whether the case will require testimony from expert witnesses.

*Dorsey*, 520 F. Supp. 3d at 684 (citing *Tabron v. Grace*, 6 F.3d 147, 155–57 (3d Cir. 1993)).

For the reasons stated above, Mr. Shnewer's motion for compassionate release does not have arguable merit in fact and law. Therefore, his motion for appointment of counsel is

11

denied. *See Millhouse*, 2021 WL 3280789, at *3 ("[G]iven that [the defendant's] motion for compassionate release lacked arguable merit, the District Court did not err in denying his motion for appointment of counsel."); *United States v. Rivera*, Crim. No. 06-849, 2022 WL 3152654, at *4 n.9 (D.N.J. Aug. 8, 2022) ("Defendant is not entitled to counsel on a compassionate release motion, and it would be a waste to appoint counsel where the motion is futile.").

### IV.     CONCLUSION

For the reasons expressed above, Mr. Shnewer's Motions (ECF Nos. 529, 530, 537, 539) are **DENIED.** An appropriate order follows.

Dated: 7/24/2023

 s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge